WILLIAM M. SMILLIE, AS TRUSTEE FOR FREDERICK W. TETENS, RESPONDENT, *v.* DENIS QUINN, AS RECEIVER, ETC., OF MARY ANN TETENS, APPELLANT, IMPLEADED WITH THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, AND OTHERS

*Policy upon the life of a husband for the benefit of his wife — the creditors of the latter cannot attack an assignment of it, made by her in trust for her children.*

In March, 1878, Mrs. Tetens assigned to the plaintiff in trust for all the children of herself and husband, two policies of insurance issued upon the life of her husband payable to her in case she survived, and to his children in case she did not survive him. All the premiums upon the policies had been paid by the husband. Upon the husband's death, subsequently, in March, 1879, the amount due upon the policies was paid into court. In May, 1879, an execution was issued upon a judgment for a deficiency, entered against Mrs. Tetens after the date of the assignment, in an action brought to foreclose a bond and mortgage given by her prior thereto, and thereafter a receiver of her property was duly appointed.

In an action to determine the rights of the parties to the insurance moneys:

*Held*, that Mrs. Tetens' creditors could not claim that the assignment of the policies was void because of Mrs. Tetens inability to assign them; that the right to avoid the assignment, if such right existed, was personal to her.

That the creditors had no such legal or equitable right to Mrs. Tetens' interest in the policies as to render her assignment to the trustee fraudulent as to them.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action at Special Term.

*N. H. Clement,* for the appellant.

*Thomas G. Shearman,* for the respondent.

DAVIS, P. J. :

On the trial of this action before Mr. Justice VAN BRUNT, at the Special Term, he pronounced the following opinion and statement of the case :

" Two policies of insurance were issued by the Equitable Life Assurance Society on the life of Louis Tetens, in favor of Mrs. Mary Ann Tetens, his wife, if she survived him, and of his children, in case she did not survive him. All the premiums on these policies down to March, 1878, were paid by Louis Tetens out of his

own moneys.    In March, 1878, the husband still living, these policies were assigned by Mrs. Tetens to the plaintiff, in trust for all the children of herself and husband.

" Before this assignment was made, Mrs. Tetens had executed a bond and mortgage to Messrs. Rorke, upon which suit had been brought against her, and shortly after the assignment was made, final judgment was rendered against Mrs. Tetens in the foreclosure proceedings.

" In March, 1879, Louis Tetens died, and the insurance company paid the amount of these policies into court in this action.

" In May, 1879, an execution was issued to the sheriff of New York upon the judgment for deficiency in the foreclosure action against Mrs. Tetens, and such proceedings were subsequently had that the defendant, Denis Quinn, Esq., was appointed receiver of the property of Mrs. Tetens.

" In August, 1879, Mrs. Tetens executed a confirmatory assignment of these policies.

" This action is brought to determine the rights of the parties to the proceeds of the policies.

" Van Brunt, J. :

" In respect to the question as to whether or not a policy of insurance of the kind involved in this action is assignable, it may well be doubted that anybody can raise that question except the beneficiaries under it.    The courts have held these policies to be not assignable, for the protection of the widow and orphan when asked by them to exercise their power, but it is difficult to see how an entire stranger to a contract can claim it to have been void because of the disability of one of the contracting parties.

" The right to avoid such an assignment is entirely personal, and no one except the parties resting under the disability can avail themselves of it to avoid their contract.

" Therefore, it seems to me that the creditors of Mrs. Tetens cannot reach the proceeds of this policy because she had no power to assign it.

" The question then remaining is, can the assignment be set aside as a fraud upon the creditors of Mrs. Tetens ?

" The ground upon which transfers of property are set aside as

fraudulent is that the creditors are equitably entitled to have the debtor's property applied to the payment of their debts, and any transfer by the debtor of his property to avoid such application is a fraud upon the rights of the creditor.

" It must be seen that no such equity exists in a case like the present. " The husband, pursuant to law, seeks to make provision after his death for his widow and his children, and the legislature has exempted from the claims of his creditors a considerable sum to enable him to make this provision, and the courts, in carrying out the legislative intent, have thrown around such a provision all the safeguards which it was possible to do. Can the creditors of the wife, who become such before widowhood, have any equitable claim upon policies of this character, which the creditors of the husband have not? It was his money which created the fund, not hers, and if the claim of the defendant is sustained, the creditors of the husband are to be deprived of part of his estate, in order to create a fund for the benefit of the creditors of the wife.

" It seems to me clear, therefore, that the creditors of the wife have no equitable right to have the proceeds of this policy devoted to the payment of their debts.

" The Court of Appeals have held that the provision of the act of 1840 authorizing such insurance was special and peculiar, and looked to a provision for the state of widowhood and orphanage, and because of this they have held that it would be a violation of the spirit of the act to allow the wife to sell or traffic with her policy as though it were realized personal property, or an ordinary security for money, but they have nowhere held that any stranger can possibly acquire any interest in the policy or its proceeds through the wife until it is realized personal property.

" Any act of the widow, therefore, which would tend to secure a policy of this description as a provision for orphanage, would seem to be entirely within the spirit of the enactment of the legislature, and no creditor of the wife could be allowed to intervene and divert the fund from the purpose for which it was created.

" I am of the opinion, therefore, that the defendant, the receiver, has no claim which he can enforce against the proceeds of these policies.

" Judgment accordingly."

Our examination of the case has led us to the same conclusions expressed by the learned justice before whom the case was tried, and we therefore adopt his opinion as sufficiently expressive of our views of the case.

It seems to us very clear, under the decisions of the Court of Appeals, that at the time Mrs. Tetens made the assignment to the trustee for the benefit of her children, her creditors, now represented by the receiver defendant, had no present interest in the policy, nor any claim or lien, either at law or in equity, which they could have enforced in any court. She was under no legal or moral obligation to keep possession of her ownership of or interest in the policy for their benefit until, upon the possible death of her husband prior to her own, her beneficial interest in the policy might ripen into a possession in her own right of the money which would then become payable upon it. According to the spirit of the decision of the Court of Appeals in *Eadie* v. *Slimmon* (26 N. Y., 9) and *Barry* v. *The Equitable Society* (59 id., 587), she alone could challenge the validity of the assignment, even if it had been made directly to her creditors, on the ground that it frustrated the scheme of the statute made for her benefit. In making over her contingent interest in the policy to the trustee for her children, she disposed of nothing that her creditors could reach, unless it can be held that they had a right to intervene and pay the accruing premiums, and thereby keep the policy alive till, by the death of her husband, she might become entitled to receive the amount of the insurance for their benefit, to be handed over to them or the receiver of her property, and applied to her indebtedness. Such a right cannot be maintained. It would thwart the scheme of the statute as developed by the decisions of our courts. Her assignment was not a departure from the spirit of the statutory provisions, which look to the protection of both widowhood and orphanage, and for that purpose have declared the non-assignability of the policy to her husband's creditors or her own. It is not important to determine whether she herself could attack and avoid her assignment to the trustee of her children, on the ground of want of power in herself to make it. It is enough to us to see that if *she* does not, no one else can question its validity.

The judgment should, therefore, be affirmed, but, under the cir-

cumstances, and in consideration of its novelty, we think without costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed, without costs.